IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL                                                                                         PLAINTIFF

v.                           Civil No. 4:22-cv-04024

DETECTIVE KELLY PILGREEN, Bi-State
Narcotics Task Force; LIEUTENANT NICHOLAS
ELROD, Bi-State Narcotics Task Force; DETECTIVE
JESSE MATHIS, Bi-State Narcotics Task Force; and
DETECTIVE MICHAEL BEYAN, Bi-State Narcotics
Task Force                                                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Eric Demond Russell ("Russell"), currently an inmate of the Miller County Detention Center ("MCDC"), has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Motion to Dismiss (ECF No. 9) filed by the Defendants. Russell has responded (ECF No. 13) to the Motion.

### I.    BACKGROUND

According to the allegations of the Complaint, on October 2, 2020, Russell was outside in the street talking to his mother-in-law when the Defendants, all members of the Bi-State Narcotics Task Force pulled up. (ECF No. 1 at 4). Russell gave the officers his information and he alleges

1

that the check came back as warrant free. *Id.* According to Russell, the Defendants then went next-door to his home, opened the door, and walked around his house. *Id.* At this point, Defendants applied for a search warrant. *Id.* Items including money were confiscated. *Id.* Russell was arrested and charged with eight felony counts. *Id.*

Russell maintains the Defendants' actions amounted to an unlawful search under the Fourth and Fourteenth Amendments. (ECF No. 1 at 4). As relief, Russell seeks compensatory damages for each day he has been imprisoned. *Id.* at 9. He would also like the arrest and resulting criminal case "erase[d] off [his] background." *Id.*

## II. DISCUSSION

Defendants have now moved for dismissal of the action based on *Younger v. Harris,* 401 U.S. 37 (1971). They point out that the criminal case arising out of the search and Russell's arrest is currently pending in the Circuit Court of Miller County. *State v. Russell,* No. 46CR-20-634-1.[1] Russell is charged in an eight-count criminal information with: possession of Ecstasy; possession of cocaine; possession of methamphetamine; possession of hydrocodone; simultaneous possession of drugs and firearms; possession of firearms by certain persons; theft by receiving; and possession of drug paraphernalia.[2]

On May 23, 2022, the trial of the case was continued. A motion to suppress was filed on May 27, 2022, arguing that the October 2, 2020, search violated the Fourth Amendment.

---

[1] The case information is publicly available on a website maintains by the Administrative Office of the Arkansas Courts. https://caseinfo.arcourts.gov/cconnect. The Court is allowed to take judicial notice of public documents including court records.

[2] The Court may take judicial notice of public records and consider them on a motion to dismiss. *Stahl v. United States Dep't. of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003).

Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Russell's state criminal case is ongoing. Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *See e.g., Gillette v. North Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). In fact, Russell has raised the same constitutional claims in the criminal case by filing a motion to suppress.

"If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998)(quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). There is no evidence of bad faith or other extraordinary circumstance.

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)(a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the

appropriate mode of abstention rather than a dismissal.  *Night Clubs,* 163 F. 3d at 481.  In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730.  It is therefore appropriate to stay rather than dismiss Russell's claims.

### III.  CONCLUSION

For these reasons, I recommend that this case be **STAYED** and **ADMINISTRATIVELY TERMINATED** until Russell's state criminal case has been fully resolved.  Russell may then file a motion to reopen at that time if any issues remain for adjudication.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 13th day of June 2022.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE