IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ERIC DEMOND RUSSELL                                                                                   PLAINTIFF

v.                                              Case No. 4:22-cv-4024

DETECTIVE KELLY PILGREEN, Bi-State
Narcotics Task Force; LIEUTENANT
NICHOLAS ELROD, Bi-State Narcotics
Task Force; DETECTIVE JESSE MATHIS,
Bi-State Narcotics Task Force; and
DETECTIVE MICHAEL BEYAN, Bi-State
Narcotics Task Force                                                                                  DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 14. No party has submitted objections. The Court finds the matter ripe for consideration.

On March 9, 2022, Plaintiff filed his complaint against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff brought claims against Defendants in their individual and official capacities for an allegedly unlawful search in violation of his rights under the Fourth and Fourteenth Amendments. *Id*. at p. 4-5. Plaintiff seeks compensatory damages. *Id*. at p. 9. On April 26, 2022, Defendants filed a motion to dismiss, arguing that an ongoing criminal case[1] in Miller County, Arkansas against Plaintiff that is factually related to the instant claims requires the Court to abstain from this action and dismiss Plaintiff's claims. ECF No. 9. On June 13, 2022, Judge Bryant filed the instant Report and Recommendation. Judge Bryant recommends that the matter be stayed and administratively terminated for the duration of the ongoing criminal proceedings against Plaintiff. No party has submitted objections. Therefore, the Court will review

---

[1] *State v. Eric Demond Russell*, Case No. 46-CR-20-634.

the instant Report and Recommendation for plain error. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994).

Judge Bryant first summarizes the status of the criminal proceedings against Plaintiff. ECF No. 14, p. 2. Judge Bryant notes that the trial date has been continued, and that there is a pending motion to suppress the evidence gathered in the search that Plaintiff is currently claiming was unconstitutional. *Id*. Judge Bryant then cites to the principles from *Younger v. Harris*, 401 U.S. 37 (1971), for when federal courts must abstain from hearing a case when there are ongoing state proceedings related to the matter before it. *Id*. at p. 3. Judge Bryant then concludes that a criminal proceeding is an important state interest justifying federal court abstention and that Plaintiff's constitutional claims are more appropriately raised in the state proceeding. *See Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010)*; see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). Judge Bryant further notes that Plaintiff seeks monetary damages rather than equitable relief, which supports staying the matter instead of dismissing it while the state court case proceeds. *See Night Clubs, Inc. v. City of Ft. Smith, Ark*., 163 F.3d 475, 482 (8th Cir. 1998); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). Therefore, Judge Bryant ultimately concludes that this matter be stayed pending the resolution of the ongoing state criminal proceeding against Plaintiff and that Plaintiff be allowed to file a motion to reopen the instant case if any matters remain for adjudication at the conclusion of the state proceedings.

Upon review and finding no plain error on the face of the record, the Court finds that Judge Bryant's recommendation is sound. Accordingly, the Court hereby adopts Judge Bryant's Report and Recommendation (ECF No. 14) *in toto*. This case is hereby **STAYED** and **ADMINISTRATIVELY TERMINATED** pending the resolution of the ongoing state criminal proceedings against Plaintiff. Plaintiff will have thirty (30) days after the final resolution of the

pending state criminal case to file a motion to reopen this case. Failure to file a motion to reopen by the deadline will result in the summary dismissal of this case.

**IT IS SO ORDERED**, this 12th day of July, 2022.

/s/ Susan O. Hickey<br>
Susan O. Hickey<br>
Chief United States District Judge